IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISON

HOPKINS MANUFACTURING )
CORPORATION )
a Kansas Corporation, )
 )    Case No. 09-2654 JAR/JPO
 )
Plaintiff, )
 )
vs. )
 )
CEQUENT CONSUMER )
PRODUCTS, INC. )
an Ohio Corporation )
 )
Defendant. )

## COMPLAINT

Plaintiff Hopkins Manufacturing Corporation for its complaint against Defendant Cequent Consumer Products, Inc. states and alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States, Title 35, United States Code.  The Court has original jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue is proper in this district in accordance with 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## THE PARTIES

3.      Plaintiff Hopkins Manufacturing Corporation is a Kansas corporation having its principal place of business within this district at 428 Peyton St., Emporia, Kansas.

1

4.     Defendant Cequent Consumer Products, Inc. is an Ohio corporation having its place of business 29000-2 Aurora Rd., Solon, Ohio and conducts business within this judicial district.

## BACKGROUND

5.     United States Patent No. 6,749,438 B1 ("the '438 patent"), entitled "Towing Connector," was duly and legally issued by the United States Patent and Trademark Office on June 15, 2004.  A Certificate of Correction of the '438 patent copy was issued by the United States Patent and Trademark Office on December 13, 2005.  A copy of the '438 patent and the Certificate of Correction are attached hereto as Exhibit A.

6.     Plaintiff Hopkins Manufacturing Corporation is the sole owner by assignment of all right, title, and interest in and to the '438 patent, including full rights to recover past and future damages thereunder.

7.     Plaintiff Hopkins Manufacturing Corporation has been marketing and selling, under the '438 patent, electrical interface adaptors which are intended to facilitate the electrical connection of the electrical system of trailer or other towed vehicle with the electrical system of a car, truck or other towing vehicle.

8.     Defendant Cequent Consumer Products, Inc., with full knowledge of the '438 patent, has recently begun making, offering for sale, and, upon information and belief, selling electrical interface adaptors under the Reese Towpower trademark which infringe the '438 patent.

## CLAIM FOR PATENT INFRINGEMENT

9.     Plaintiff Hopkins Manufacturing Corporation hereby realleges and incorporates by reference the allegations of paragraphs 1-8 above.

2

10.    Defendant Cequent Consumer Products, Inc. is infringing the '438 patent under 35 U.S.C. § 271 by having made, offering for sale, and upon information and belief, selling electrical interface adaptors under the Reese Towpower trademark.

11.    Defendant has deliberately and willfully infringed the '438 patent and will continue its acts of infringement unless enjoined by this Court.

12.    Plaintiff Hopkins Manufacturing Corporation has been damaged as a direct and proximate result of Defendant's infringement of the '438 patent and is entitled to recover damages from Defendant under 35 U.S.C. § 284.

13.    Plaintiff is now, and will in the future be, irreparably harmed and damaged by Defendant's infringement unless this Court enjoins Defendant from continuing its infringement under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hopkins Manufacturing Corporation prays that this Court enter judgment:

a)    For Plaintiff Hopkins Manufacturing Corporation and against Defendant Cequent Consumer Products, Inc. on the claim for infringement of the '438 patent,

b)    That Defendant's infringement of the '438 patent was willful,

c)    That this is an exceptional case pursuant to 35 U.S.C. § 285,

d)    Granting Plaintiff a monetary award sufficient to compensate Plaintiff for its damages suffered as a result of Defendant's infringement, together with prejudgment interest,

e)    Enhancing the monetary damages in view of the intentional and willful actions of Defendant,

f) Awarding Plaintiff its costs and attorney fees,

g) Enjoining and restraining Defendant from further infringement of the '438 patent,

and

h) Granting Plaintiff such other and further relief and remedy as justice may require.

Plaintiff requests a trial by jury on all issues properly triable to a jury.

Respectfully Submitted,

/s/ Michael B. Hurd
Michael B. Hurd, Kansas Bar No. 12,521
Matthew B. Walters, Kansas Bar No. 23,514
HOVEY WILLIAMS LLP
10801 Mastin Blvd., Suite 1000
Overland Park, KS  66210
Telephone:  (913) 647-9050
Fax:  (913) 647-9057
mhurd@hoveywilliams.com
mwalters@hoveywilliams.com

ATTORNEYS FOR PLAINTIFF HOPKINS
MANUFACTURING CORPORATION